

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

February 16, 1962

Honorable Henry Wade          Opinion No. WW-1261
District Attorney
Dallas County                 Re:  Authority of a justice of the
Dallas, Texas                      peace to order an autopsy to
                                   determine cause of death not
Dear Mr. Wade:                     the result of a crime.

        You recently requested an opinion from this office on
the following question:

        "Whether or not Sections 5,6 and 7 of
        Article 968 of Vernon's C.C.P. and Article
        4477, Rules 41 and 41a of the Sanitary Code
        of the State of Texas provide for a Justice
        of the Peace to hold an inquest and order
        an autopsy, if necessary, to determine the
        cause of death of a deceased person whose
        death is not the result of a crime and is
        not related to the detection of crime?"

Vernon's Code of Criminal Procedure provides as follows:

        "Any Justice of the Peace shall be author-
        ized, and it shall be his duty, to hold in-
        quests without a jury within his county, in
        the following cases:

        "1.  When a person dies in prison or in
        jail.

        "2.  When any person is killed; or from
        any cause dies an unnatural death, except
        under sentence of the law; or dies in the
        absence of one or more good witnesses.

        "3.  When the body of a human being is
        found, and the circumstances of his death are
        unknown.

        "4.  When the circumstances of the death
        of any person are such as to lead to suspicion
        that he came to his death by unlawful means.

"5.   When any person commits suicide, or the circumstances of his death are such as to lead to suspicion that he committed suicide.

"6.   When a person dies without having been attended by a duly licensed and practicing physician, and the local health officer or registrar required to report the cause of death under Rule 41a, Sanitary Code of Texas, Article 4477, Revised Civil Statutes, General Laws, Forty-sixth Legislature, 1939, page 343, does not know the cause of death.  When the local health officer or registrar of vital statistics whose duty it is to certify the cause of death does not know the cause of death, he shall so notify the Justice of the Peace of the precinct in which the death occurred and request an inquest.

"7.   When a person dies who has been attended by a duly licensed and practicing physician or physicians, and such physician or physicians are not certain as to the cause of death and are unable to certify with certainty the cause of death as required by Rule 40a, Sanitary Code of Texas, Article 4477, Revised Civil Statutes, Chapter 41, Acts, First Called Session, Fortieth Legislature, 1927, page 116.  In case of such uncertainty the attending physician or physicians, or the superintendent or general manager of the hospital or institution in which the deceased shall have died, shall so report to the Justice of the Peace of the precinct in which the death occurred, and request an inquest.

"The inquests authorized and required by this Article shall be held by the Justice of the Peace of the precinct in which the death occurred, but in event the Justice of the Peace of such precinct is unavailable, or shall fail or refuse to act, then such inquest shall be conducted by the nearest available Justice of the Peace in the county in which the death occurred."(Emphasis added)

Subdivision 5,6 and 7 and the unnumbered paragraph following subdivision 7 were added to this article by the amendatory act of 1947.  There are no appellate court decisions relating to the 1947 amendment.  However, the language of the

statute is clear and unambiguous.  A duty is placed upon the justice of the peace to order inquests in the cases set out.

Article 970 sets out the conditions under which autopsys must be held.  This statute provides in part as follows:

> "Upon an inquest held to ascertain the cause of death, the Justice of the Peace shall in all cases call in the county health officer, or if there be none or if his services are not then obtainable, then a duly licensed and practicing physician, and shall procure their opinions and advice as to the necessity of an autopsy before reaching a determination as to whether or not to order an autopsy to determine the cause of death...."

From this sentence we conclude that a justice of the peace is only required to consult with the county health officer or if he is not obtainable a duly licensed and practicing physician about an autopsy as an aid or incident to an inquest.

Article 970, Code of Criminal Procedure, was also amended in 1947.  Part of this amendment provided:

> "If upon his own determination he deems an autopsy necessary, the justice of the peace shall request the county health officer, or if there be none or if it be impracticable to secure his services, then some duly licensed and practicing physician who is trained in pathology, to make an autopsy in order to determine the cause of death, and whether death was from natural causes or resulted from violence, and the nature and character of either of them."

From this sentence we conclude that it is entirely discretionary with the justice of the peace whether or not an autopsy is necessary to determine the cause of death.  We construe these two sentences together to mean that when an inquest is held the justice of the peace shall "consult" with the county health officer or if his services are unobtainable, some duly licensed and practicing physician as to whether an autopsy shall be held to determine the cause of death.  It is entirely discretionary with him whether or not the autopsy is held. The statute does not require such an autopsy.  Under Rule 41a

of Article 4477, V.C.S., the justice of the peace may feel that an autopsy must be performed before making the certificate of death. This again is within his discretion and under Article 970 it makes no difference whether the death resulted from natural causes or from violence.

It is, therefore, our opinion in answer to your question under Article 968 of Vernon's Code of Criminal Procedure that a justice of the peace must hold, and is required to hold, an inquest to determine the cause of death under cases set out therein. Whether or not an autopsy should be performed incident to such inquest is discretionary with the justice of the peace. Under Section 970, Vernon's Code of Criminal Procedure, the justice of the peace is not "required" to order an autopsy.

## S U M M A R Y

A justice of the peace is required to hold an inquest in all cases set out in Article 968 of Vernon's Code of Criminal Procedure. Article 970 does not "require" an autopsy in all cases. Whether an autopsy is to be performed in connection with an inquest is discretionary with the justice of the peace.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Norman V. Suarez
Norman V. Suarez
Assistant Attorney General

NVS:sh

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman
Fred D. Ward
Malcolm Quick

REVIEWED FOR THE ATTORNEY GENERAL
BY: Houghton Brownlee,Jr.